# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ANIL SINHA and AKS ASSOCIATES, | ) | |
| INTERNATIONAL CORP., | ) | |
| | ) | No. 08 C 5487 |
| Plaintiffs, | ) | |
| | ) | Wayne R. Andersen |
| v. | ) | District Judge |
| | ) | |
| DEFENSE LOGISTICS AGENCY, | ) | |
| DEFENSE SUPPLY CENTER | ) | |
| RICHMOND and DCMA CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM, OPINION AND ORDER</u>

This case is before the Court on the motion of Defendants Defense Logistics Agency, Defense Supply Center Richmond, and DCMA Chicago to dismiss Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). For the following reasons, the motion to dismiss is granted.

The Complaint alleges that on March 31, 2008, Defendant Defense Logistics Agency imposed a debarment on Plaintiffs, who are corporate defense contractor AKS Associates International Corp. and its principal, Anil Sinha. The effect of the debarment is to prohibit award of most government contracts to Plaintiffs for three years. Plaintiffs' Complaint in this Court, filed against the federal agency Defense Logistics Agency and two other federal agencies, attempts to invoke this Court's jurisdiction under the Administrative Procedure Act (APA). The Complaint seeks rescission of the debarment and money damages for resulting loss of business opportunities, and also seeks recovery for alleged government breaches of the contracts that lapsed or were cancelled following the debarment proposal.

This Court does not have jurisdiction over Plaintiffs' Complaint. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Moreover, "[s]overeign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The Administrative Procedure Act (APA) provides the district courts with jurisdiction to review final decisions of federal agencies when the plaintiff has no other adequate remedy in a court, 5 U.S.C. §§ 702-704, and gives district courts jurisdiction to hold unlawful and set aside agency actions that it finds to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §706(2). Congress expressly limited the APA's waiver of sovereign immunity, however, to actions "seeking relief other than money damages." *Department of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260-63 (1999).

In this case, Plaintiffs' Complaint against the Defendant federal agencies seeks to invoke jurisdiction solely under the APA. Plaintiffs' Complaint, however, seeks money damages. Because the APA only waives sovereign immunity for an action "seeking relief other than money damages." 5 U.S.C. §706(2), Plaintiffs cannot proceed in this Court against the Defendant federal agencies under the APA.

For the foregoing reasons, we grant the motion of Defendants Defense Logistic Agency, Defense Supply Center Richmond, and Defense Contract Management Agency, Chicago to dismiss Plaintiffs' Complaint. [18].

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: March 23, 2009